STATE OF NORTH CAROLINA v. WESLEY TYLER CORBETT

No. COA08-1300

(Filed 21 April 2009)

**Assault— not a lesser included offense to sexual battery—additional elements**

Assault is not a lesser included offense to misdemeanor sexual battery; sexual battery does not include as essential elements an act or attempt to do immediate physical injury that would put a person of reasonable firmness in fear of immediate bodily harm.

Appeal by defendant from judgment entered 6 February 2008 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 25 March 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Grace, Tisdale & Clifton, P.A., by Christopher R. Clifton, for defendant-appellant.*

STEELMAN, Judge.

Assault is not a lesser included offense of the crime of misdemeanor sexual battery.

## I. Factual and Procedural Background

In August 2006, Jessica Head (Jessica) enrolled in the carpentry program at Forsyth Technical Community College (Forsyth Tech). A member of her class was Wesley Tyler Corbett (defendant). Defendant sat directly behind Jessica in class. Defendant would grunt, groan, and talk to himself during class.

Approximately two weeks after the class began, the students started having lessons in the workshop. Jessica sat across the room from defendant in the workshop. About a week after being in the workshop, defendant was removed from the class. When defendant returned, he was accompanied by a social worker. Forsyth Tech staff asked the classmates to keep a log of defendant's strange and unusual behavior, which Jessica did on her cell phone.

Approximately three weeks after the class began, the students relocated to a jobsite, building Habitat for Humanity houses. The stu-

dents took a tour of the site, and defendant followed Jessica, staying right behind her. Defendant tried to talk to Jessica several times.

Defendant made Jessica feel uneasy because of a series of incidents, which occurred over the duration of the class: he·exposed his penis in class and fondled himself, making rapid up-and-down movements; he referred to himself as, and insisted on being called, "Nighthawk;" and on one occasion, defendant told Jessica she was beautiful and that "he was a lesbian and he would love to be [her] girlfriend."

On 24 October 2006, Jessica and defendant were at the Habitat for Humanity jobsite. Jessica was installing a two-by-four, and defendant stood right behind her breathing in her ear. Every time Jessica would pound the nail with a hammer, defendant would yell, "Whack it, baby." Defendant started panting and getting very excited. Jessica panicked, handed her hammer to defendant, and went to lunch with classmates. After lunch, Jessica went to retrieve her tool belt and saw defendant "hunkered down" behind some scaffolding. Upon seeing defendant, Jessica became very nervous, grabbed her tool belt, and put it on. Jessica "leapt into the house and he was right on [her] heels." Defendant picked Jessica up by her hips and lifted her so her feet did not touch the ground. Defendant performed several pelvic thrusts against Jessica's buttocks. Both Jessica and defendant had their clothes on. A classmate, Joseph Pitts (Pitts), testified that defendant performed three or four thrusts into Jessica's buttocks. Pitts heard defendant grunt several times while he held Jessica and Jessica yell "Get off of me" and "Leave me alone." Jessica hit defendant with her elbow and was able to extricate herself.

Jessica ran to two classmates and "wedged" herself in between them, with defendant following her and stepping on her shoes. Defendant walked off "moaning and groaning and complaining." Jessica testified she was embarrassed and told the two classmates, "He just picked me up and humped me."

Defendant was charged with a misdemeanor sexual battery pursuant to N.C. Gen. Stat. § 14-27.5A(a).

Following his arrest, Officer M.C. Merritt (Officer Merritt) testified defendant made an "unsolicited, spontaneous utterance, stating 'I did not touch her.'" Officer Merritt had not told defendant who "her" was. Officer Merritt testified that after being fingerprinted

at the police station, defendant stood up, put his hands behind his back and stated in an excited manner, "Ooh, ooh I want you to put the cuffs on me."

On 4 February 2008, defendant was tried before a jury. Defendant's mother, Pamela Corbett (Corbett), a clinical psychologist, testified defendant has Tourette's syndrome, which has an underlying feature of obsessive-compulsive behavior, and he has two developmental delays: language and emotional. Corbett further testified defendant also has coprolalia, which means compulsive swearing and using offensive terms. Corbett testified that defendant takes medication for his conditions.

Psychiatrist Kyle Long (Dr. Long) also testified. Dr. Long testified that none of defendant's diagnoses cause hypersexuality, and defendant's medication would not cause him to be more sexually aggressive.

At the jury charge conference, defendant requested an instruction on the offense of simple assault, as a lesser included offense of sexual battery. The trial court denied defendant's request. The jury found defendant guilty of sexual battery. Defendant was sentenced to seventy-five days in the common jail of Forsyth County. This sentence was suspended, and defendant was placed on supervised probation for twenty-four months.

Defendant appeals.

## II. Analysis

In his first argument, defendant contends that the trial court erred in refusing to instruct the jury on simple assault as a lesser included offense of sexual battery. We disagree.

Our Supreme Court has stated that the issue of jury instructions is a matter within the trial court's discretion and will not be overturned absent a showing of abuse of discretion. *State v. Nicholson*, 355 N.C. 1, 66, 558 S.E.2d 109, 152 (2002), *cert. denied*, 537 U.S. 845, 154 L. Ed. 2d 71 (2002). "By definition, all the essential elements of a lesser included offense are also elements of the greater offense." *State v. Martin*, 195 N.C. App. ——, ——, 671 S.E.2d 53, 61 (2009) (citing *State v. Etheridge*, 319 N.C. 34, 50, 352 S.E.2d 673, 683 (1987)). "[A] lesser included offense requires no proof beyond that required for the greater offense, and the two crimes are considered identical for double jeopardy purposes." *Id.*

[T]he *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime. In other. words, all of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a *definitional*, not a factual basis.

*State v. Weaver*, 306 N.C. 629, 635, 295 S.E.2d 375, 378-79 (1982) (internal citations omitted), *overruled in part on other grounds by State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993).

The elements of sexual battery are: (1) engaging in sexual contact with another person, (2) by force and against the will of the other person, and (3) for the purpose of sexual arousal, sexual gratification, or sexual abuse. N.C. Gen. Stat. § 14-27.5A (2007); *see also* N.C.P.I.-Crim. 207.90 (Jan. 2004).

Assault is a statutory offense, but the statute contains no definition of the crime. *See* N.C. Gen. Stat. § 14-33(a) (2007). Assault is governed by common law. *State v. Roberts*, 270 N.C. 655, 658, 155 S.E.2d 303, 305 (1967). Our Supreme Court has generally defined assault as: (1) an overt act or an attempt, or the unequivocal appearance of an attempt, (2) with force and violence, (3) to do some immediate physical injury to the person of another, (4) which would put a person of reasonable firmness in fear of immediate bodily harm. *Id.* (citations omitted). Emphasis is placed on the intent or state of mind of the accused. *Id.* Case law has also created another rule known as the "show of violence rule," which places the emphasis on the reasonable apprehension of the person assailed. *Id.*

The crime of assault possesses two elements which are not elements of sexual battery: (1) whether the accused committed or attempted to commit an act to do some immediate physical injury to the person of another, and (2) whether the act or attempted act would put a person of reasonable firmness in fear of immediate bodily harm. We hold that the crime of assault is not a lesser included offense of sexual battery because all the essential elements of assault are not essential elements of sexual battery.

This argument is without merit.

Because we hold that assault is not a lesser included offense of sexual battery, we do not address defendant's remaining arguments.

Defendant has failed to argue the remaining assignments of error in his brief, and they are thus deemed abandoned pursuant to Rule 28(b)(6) of the Appellate Rules of Procedure. N.C.R. App. P. 28(b)(6).

NO ERROR

Judges BRYANT and ELMORE concur.