STATE OF NORTH CAROLINA v. NAKIA NICKERSON, Defendant

No. COA09-1511

(Filed 16 November 2010)

## Possession of Stolen Property— lesser-included offense— unauthorized use of motor vehicle

Defendant's convictions for possession of stolen goods, obtaining habitual felon status, and driving while license revoked were reversed or remanded where defendant's request for an instruction on the lesser-included offense of unauthorized use of a motor vehicle was erroneously denied. All of the essential elements of unauthorized use of a motor vehicle are essential elements of possession of stolen goods and the evidence at trial contradicted two of the elements of possession of stolen goods. The State did not meet its burden of showing that the error was harmless.

Appeal by defendant from judgment entered on or about 8 July 2009 by Judge Orlando F. Hudson in Superior Court, Orange County. Heard in the Court of Appeals 14 April 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Ann W. Matthews, for the State.*

*Ryan McKaig, for defendant-appellant.*

STROUD, Judge.

Defendant appeals his convictions for possession of stolen goods, obtaining habitual felon status, and driving while license revoked. Defendant contends the trial court erred in denying his request to instruct the jury on a lesser-included offense and denying his motion to dismiss the charge of possession of stolen goods. For the following reasons, we remand for a new trial as to defendant's convictions for possession of stolen goods and obtaining habitual felon status, and we remand for resentencing as to defendant's conviction for driving while license revoked.

### I. Background

The State's evidence tended to show that on the evening of 19 November of 2008, Mr. Darrel Haller went to bed and when he woke up, his car, a 1997 gold Crysler Sebring with a black top, was gone.

Mr. Haller called the police. The police came to Mr. Haller's home where he informed them that the car had a gun in it. On 20 November 2008, Steve Lehew, a patrol sergeant with the Chapel Hill Police Department, was patrolling around Sykes and Whitaker Street when he "saw a Gold Crysler Sebring with a black top coming towards me on Nunn. And the stereo coming from the car was very loud. I could hear it from probably over 30 feet away. And that neighborhood, we have a lot of calls of noise complaints." Sergeant Lehew pulled behind the car and ran the license plate which "came back to a Chevy Lumina, so the license plate didn't match the type of vehicle they [sic] were on." Sergeant Lehew stopped the Sebring, which defendant was driving. Sergeant Lehew had defendant get out of the car and asked defendant if there were weapons in the car. Defendant responded, "[N]o; not my car; you can go ahead and search it." Sergeant Lehew found a gun in the car. Defendant told Sergeant Lehew "it wasn't his car. It was somebody's car, a friend. And the friend was too drunk— that he was in a condition that he couldn't walk. So he said he dropped his friend off at a place called Baldwin Park[.]" Defendant did not inform Sergeant Lehew of his friend's full name. Officer Curt Farrell, also of the Chapel Hill Police Department, was called "to cover" Sergeant Lehew. Officer Farrell went and checked Baldwin Park and Hargrave Center, a local park, but did not find defendant's friend.

On or about 5 January 2009, defendant was indicted for driving while license revoked, possession of stolen goods, and obtaining habitual felon status. On 7-8 July 2009, defendant was tried by a jury. Defendant was convicted on all charges. Defendant was determined to have a prior felony record level of IV and sentenced to 80 months to 105 months imprisonment for all of the convictions. Defendant appeals.

## II. Lesser-Included Offense Jury Instruction

Defendant first contends that "the trial court erred in denying the defendant's request for a jury instruction on the lesser-included offense of unauthorized use of a motor vehicle where the evidence supported such an instruction." (Original in all caps.) Defendant argues that unauthorized use of a motor vehicle is a lesser-included offense of possession of stolen goods. In order to determine if the trial court should have instructed the jury on the "lesser-included offense" we must first determine if unauthorized use of a motor vehicle is in fact a lesser-included offense of possession of stolen goods.

Whether one crime is a lesser-included offense of another is a question of law. "We review questions of law de novo." *Staton v.*

*Brame,* 136 N.C. App. 170, 174, 523 S.E.2d 424, 427 (1999) (citation omitted).

> This Court has long held that the definitions accorded the crimes determine whether one offense is a lesser included offense of another crime. If the lesser crime has an essential element which is not completely covered by the greater offense, it is not a lesser-included offense. Our Supreme Court rejected the argument that an offense which was not ordinarily a lesser-included offense could become a lesser-included offense under specific factual circumstances.

*State v. Hannah,* 149 N.C. App. 713, 717, 563 S.E.2d 1, 4, *disc. review denied,* 355 N.C. 754, 566 S.E.2d 81 (2002) (citations, quotation marks, and brackets omitted); *see State v. Corbett,* 196 N.C. App. 508, 511, 675 S.E.2d 150, 152 ("The definitions accorded the crimes determine whether one offense is a lesser included offense of another crime. In other words, all of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a definitional, not a factual basis. *State v. Weaver,* 306 N.C. 629, 635, 295 S.E.2d 375, 378-79 (1982) (internal citations omitted), *overruled in part on other grounds by State v. Collins,* 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993)."), *disc. review denied and appeal dismissed,* 363 N.C. 584, 682 S.E.2d 705 (2009).

"Felonious possession of stolen goods requires evidence of: (i) possession of personal property; (ii) valued at greater than $1,000; (iii) which has been stolen; (iv) the possessor knowing or having reasonable grounds to believe that the property is stolen; and (v) the possessor acts with a dishonest purpose." *State v. King,* 158 N.C. App. 60, 66, 580 S.E.2d 89, 94 (citing N.C. Gen. Stat. § 14-71.1), *disc. review denied and appeal dismissed,* 357 N.C. 509, 588 S.E.2d 376 (2003). The crime of "[u]nauthorized use of a motor-propelled conveyance" is defined in N.C. Gen. Stat. § 14-72.2(a): "[a] person is guilty of an offense under this section if, without the express or implied consent of the owner or person in lawful possession, he takes or operates an aircraft, motorboat, motor vehicle, or other motor-propelled conveyance of another." N.C. Gen. Stat. § 14-72.2(a) (2007). Thus, the elements of unauthorized use of a motor vehicle include (1) taking or operating, (2) a motor vehicle of another, (3) "without the express or implied consent of the owner or person in lawful possession[.]" *Id*

The first element of felonious possession of stolen goods is "possession of personal property;" *King* at 66, 580 S.E.2d at 94, the first element of unauthorized use of a motor vehicle requires the offender to take *or* operate the motor vehicle. *See* N.C. Gen. Stat. § 14-72.2(a). Possession has been defined as "[t]he fact of having or holding property in one's power; the exercise of dominion over property. . . . [or] [s]omething that a person owns or controls[.]" Black's Law Dictionary 1281 (9th ed. 2009). In order to operate a motor vehicle one must possess it, as operating a motor vehicle requires "having or holding [the motor vehicle] in one's power" and "control[ling]" the motor vehicle. *Id.* Thus, we conclude that operation of a motor vehicle is a form of possession, *see id.*, which is an element of possession of stolen goods. *See King* at 66, 580 S.E.2d at 94.

The second element of unauthorized use of a motor vehicle requires the taking or operation of a motor vehicle of another. *See* N.C. Gen. Stat. § 14-72.2(a). A motor vehicle of another is a type of personal property, which is an element of possession of stolen goods.[1] *See King* at 66, 580 S.E.2d at 94.

Lastly, unauthorized use of a motor vehicle requires taking or operating the motor vehicle "without the express or implied consent of the owner or person in lawful possession[.]" *See* N.C. Gen. Stat. § 14-72.2(a). Possession of stolen goods requires that the personal property be stolen. *See King* at 66, 580 S.E.2d at 94. Something which has been stolen has been taken "without the express or implied consent of the owner or person in lawful possession[.]" *See* N.C. Gen. Stat. § 14-72.2(a). We therefore conclude that unauthorized use of a motor vehicle is a lesser-included offense of possession of stolen goods, as all of the essential elements of unauthorized use of a motor vehicle are essential elements of possession of stolen goods. *See* N.C. Gen. Stat. § 14-72.2(a); *King* at 66, 580 S.E.2d at 94.

We now turn to the trial court's denial of defendant's request for a jury instruction on the lesser-included offense of unauthorized use of a motor vehicle.

---

1. We note that the actual crime name pursuant to N.C. Gen. Stat. § 14-72.2 is "[u]nauthorized use of a motor-propelled conveyance[.]" *See* N.C. Gen. Stat. § 14-72.2. N.C. Gen. Stat. § 14-72.2(a) covers "aircraft, motorboat, motor vehicle, [and] other motor-propelled conveyance[.]" All of the instruments listed in N.C. Gen. Stat. § 14-72.2(a) are items of personal property, and thus any type of conveyance at issue pursuant to N.C. Gen. Stat. § 14-72.2(a) would be "completely covered by the greater crime," *Corbett* at 511, 675 S.E.2d at 152[,] of possession of stolen goods. *See King* at 66, 580 S.E.2d at 94.

Due process requires that a lesser included offense instruction be given when the evidence warrants such an instruction. But due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction. The jury's discretion is thus channelled so that it may convict a defendant of any crime fairly supported by the evidence.

*State v. Arnold*, 329 N.C. 128, 139, 404 S.E.2d 822, 829 (1991) (citation and brackets omitted). "A violation of the defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the State to demonstrate, beyond a reasonable doubt, that the error was harmless." N.C. Gen. Stat. § 15A-1443(b) (2007).

Under North Carolina and federal law a lesser included offense instruction is required if the evidence would permit a jury rationally to find defendant guilty of the lesser offense and acquit him of the greater. The test is whether there is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense. Where the State's evidence is positive as to each element of the offense charged and there is no contradictory evidence relating to any element, no instruction on a lesser included offense is required.

*State v. Millsaps*, 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002) (citations, quotation marks, and brackets omitted); *see also State v. Mangum*, 158 N.C. App. 187, 197, 580 S.E.2d 750, 757 ("Where the State presents evidence of every element of the offense, and there is no evidence to negate these elements other than the defendant's denial that he committed the offense, then no lesser-included offense need be submitted." (citation omitted)), *disc. review denied*, 357 N.C. 510, 588 S.E.2d 378 (2003). Here, the State's evidence established that defendant (1) possessed personal property (2) that was valued at more than $1,000 (3) and was stolen. *See King* at 66, 580 S.E.2d at 94. The remaining two elements of felonious possession of stolen goods are based upon the defendant's state of mind, whether defendant knew or had "reasonable grounds to believe that the property [wa]s stolen" and "act[ed] with a dishonest purpose." *Id.*; *see State v. Brown*, 85 N.C. App. 583, 586, 355 S.E.2d 225, 228 ("We agree with defendant that whether someone is acting with a dishonest purpose is a question of intent."), *disc. review denied*, 320 N.C. 172, 358 S.E.2d 57 (1987).

The evidence at trial showed that defendant told the police he was in the area for a funeral and that the car was not his, but belonged to his friend, whom he had left at a park because he was too drunk to drive. Furthermore, defendant's mother testified that defendant had gone to a funeral, and the police confirmed a funeral in the area. The evidence amounts to more than a mere denial by defendant that he knew the vehicle was stolen, but instead establishes contradictory evidence as to two of the elements of possession of stolen goods. *See King* at 66, 580 S.E.2d at 94; *Mangum* at 197, 580 S.E.2d at 757. Accordingly, the trial court should have instructed the jury on the lesser-included offense of unauthorized use of a motor vehicle. *See generally State v. Ross*, 46 N.C. App. 338, 339-40, 264 S.E.2d 742, 742-43 (1980) (determining the jury should have been instructed on unauthorized use of a motor vehicle as a lesser-included offense of larceny because "[t]here is no eyewitness testimony as to who took the Volkswagen car. Defendant is later found in the car by the officer. He had no consent to take or operate the car. Defendant's testimony tends to show he had no intent to steal the car. This evidence is sufficient to require the submission of the lesser included offense to the jury."). As the trial court erred in not instructing the jury on the lesser-included offense of unauthorized use of a motor vehicle, the burden is on the State to prove that the error was harmless. *See* N.C. Gen. Stat. § 15A-1443(b). The State argues only that the failure to provide the lesser-included offense instruction was not error, but as we have already concluded that it was error, the State has failed to meet its burden. Accordingly, we grant defendant a new trial as to the charges of possession of stolen goods and obtaining habitual felon status. As we are granting defendant a new trial we need not address his remaining issue on appeal.

### III. Conclusion

Because the trial court erred in failing to instruct the jury on a lesser-included offense, we reverse the judgment as to the charges of possession of stolen goods and obtaining habitual felon status and remand for a new trial. Because defendant's conviction for driving while license revoked was not challenged on appeal but was consolidated with the other charges for sentencing, we also remand for resentencing on the driving while license revoked conviction.

NEW TRIAL.

Judges McGEE and HUNTER, JR., Robert N. concur.