STATE OF NORTH CAROLINA v. NAKIA NICKERSON

No. 458PA10

(Filed 7 October 2011)

**Possession of stolen property—unauthorized use of a motor vehicle—not lesser included offense—no jury instruction required**

The trial court did not err in a felony possession of stolen goods case by denying defendant's request for a jury instruction on the unauthorized use of a motor vehicle. Unauthorized use of a motor vehicle is not a lesser included offense of possession of stolen goods because the crime of unauthorized use of a motor vehicle contains at least one essential element not present in the crime of possession of stolen goods. The decision of the Court of Appeals was reversed.

On discretionary review pursuant to N.C.G.S. § 7A 31 of a unanimous decision of the Court of Appeals, —— N.C. App. ——, 701 S.E.2d 685 (2010), reversing a judgment entered on 8 July 2009 by Judge Orlando F. Hudson in Superior Court, Orange County, and remanding for a new trial on two charges for which defendant was convicted and for resentencing on the remaining conviction, which was not challenged on appeal. Heard in the Supreme Court 8 September 2011.

*Roy Cooper, Attorney General, by Catherine F. Jordan, Assistant Attorney General, for the State-appellant.*

*Ryan McKaig for defendant-appellee.*

NEWBY, Justice.

This case presents the question whether unauthorized use of a motor vehicle is a lesser included offense of possession of stolen goods. Applying the required definitional test, we hold that the crime of unauthorized use of a motor vehicle contains at least one essential element not present in the crime of possession of stolen goods; therefore, the former is not a lesser included offense of the latter. Accordingly, we reverse the decision of the Court of Appeals.

Early on 20 November 2008, Darrel Haller awoke to discover that someone had entered his house, stolen his car keys, and taken his vehicle, a 1997 gold Chrysler Sebring convertible with a black top. Mr. Haller reported the break-in and the stolen vehicle to the police. Around 3:30 p.m. that afternoon, Sergeant Lehew of the Chapel Hill Police Department saw a gold Sebring with a black top while on patrol. When Sergeant Lehew checked the vehicle's license plate number, he discovered that the tag actually belonged to a Chevrolet Lumina. Thinking the vehicle was likely stolen, Sergeant Lehew stopped the vehicle, which was being driven by defendant. Defendant claimed that he borrowed the vehicle from a friend to attend a funeral in the area. According to defendant, his friend was too intoxicated to drive, and defendant had dropped him off at a nearby park. When police looked for defendant's friend, they could not locate him.

Defendant was arrested and indicted on several charges, including felony possession of stolen goods. Defendant pled not guilty. At trial, after defendant presented his evidence, he requested that the trial court also instruct the jury on unauthorized use of a motor vehicle, contending that it is a lesser included offense of the crime of possession of stolen goods. The trial court denied his request. The

jury ultimately found defendant guilty of felonious possession of stolen goods.

Defendant appealed. The Court of Appeals reversed the trial court's decision, concluding that unauthorized use of a motor vehicle is a lesser included offense of possession of stolen goods. *State v. Nickerson*, —— N.C. App. ——, ——, ——, 701 S.E.2d 685, 687, 689 (2010). As a result, that court determined that the trial court erred when it failed to instruct the jury on the'lesser included offense, and it remanded for a new trial. *Id.* at ——, 701 S.E.2d at 688-89. We allowed the State's petition for discretionary review.

As presented to this Court, the principal question is whether the crime of unauthorized use of a motor vehicle is a lesser included offense of possession of stolen goods. The State argues that, under the definitional test, unauthorized use of a motor vehicle is not a lesser included offense because at least one of its elements is not required to prove possession of stolen goods. Defendant contends that the definitional test can be modified in cases in which the general elements of the greater crime cover the more specific elements of the lesser crime. As this is a legal question, our standard of review is de novo. *State v. Weaver*, 306 N.C. 629, 633, 295 S.E.2d 375, 377 (1982), *overruled in part on other grounds by State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993).

In *State v. Weaver* this Court adopted a definitional test for determining whether one crime is a lesser included offense of another crime. *Id.* at 635, 295 S.E.2d at 378-79. The defendant in *Weaver*, who was charged with, *inter alia*, first-degree rape of a child, argued that he was entitled to an instruction on three lesser crimes because the particular factual circumstances in that case satisfied the requirements of both first-degree rape and the lesser crimes. *Id.* at 633, 635, 295 S.E.2d at 377-78. This Court determined that since the "essential elements" of the lesser crimes were not "completely included" in the greater crime of first degree rape, those crimes were not lesser included offenses of rape. *Id.* at 635-38, 295 S.E.2d at 378-80. In reaching this conclusion, we stated:

> We do not agree with the proposition that the *facts* of a particular case should determine whether one crime is a lesser included offense of another. Rather, the *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime. In other words, all of the essential elements of the lesser crime must also be essential elements in-

cluded in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a *definitional*, not a factual basis.

*Id.* at 635, 295 S.E.2d at 378-79 (citation omitted). Thus, the test is whether the essential elements of the lesser crime are essential elements of the greater crime. If the lesser crime contains an essential element that is not an essential element of the greater crime, then the lesser crime is not a lesser included offense.

As we did in *Weaver*, we must now compare the essential elements of the two offenses at hand. Possession of stolen goods requires as an essential element the "possession of personal property." *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (citations omitted), *overruled in part on other grounds by State v. Mumford*, 364 N.C. 394, 402, 699 S.E.2d 911, 916 (2010); see also N.C.G.S. § 14-71.1 (2009). Unauthorized use of a motor vehicle has as an essential element the taking or operating of "an aircraft, motorboat, motor vehicle, or other motor-propelled conveyance." N.C.G.S. § 14-72.2(a) (2009). Both offenses concern personal property. However, the specific definitional requirement that the property be a "motor-propelled conveyance" is an essential element unique to the offense of unauthorized use of a motor vehicle. For the offense of possession of stolen goods, the State need not prove that defendant had a "motor-propelled conveyance" but rather that the property in defendant's possession is any type of personal property. As such, unauthorized use of a motor vehicle has an essential element not found in the definition of possession of stolen goods. Because we conclude that this element of the lesser crime is not an essential element of the greater crime, we need not address the other elements. *Weaver*, 306 N.C. at 635, 295 S.E.2d at 378.

In concluding that unauthorized use of a motor vehicle is a lesser included offense of possession of stolen goods, the Court of Appeals reasoned that "[a] motor vehicle of another is a type of personal property, which is an element of possession of stolen goods." *Nickerson*, —— N.C. App. at ——, 701 S.E.2d. at 687. In making this determination the Court of Appeals engaged in the fact-based, case-specific inquiry expressly prohibited by the definitional test established in *Weaver*, 306 N.C. at 635, 295 S.E.2d at 378-79.

Because the offense of unauthorized use of a motor vehicle requires proof of at least one essential element not required to prove

possession of stolen goods, unauthorized use of a motor vehicle cannot be a lesser included offense of possession of stolen goods under the definitional test in Weaver. As such, defendant is not entitled to an instruction on unauthorized use of a motor vehicle. *Id.; see also Collins*, 334 N.C. at 61, 431 S.E.2d at 193 (clarifying actions a defendant must take to be entitled to a jury instruction on a lesser included offense). Accordingly, we reverse the decision of the Court of Appeals as to the issue before us on discretionary review and remand this case to that court for consideration of defendant's remaining issues on appeal.

REVERSED AND REMANDED.