An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-144

Filed 17 June 2026

Cleveland County, No. 22CR000409-220

STATE OF NORTH CAROLINA

v.

JERMAINE SANDERS, Defendant.

Appeal by Defendant from judgment entered 28 May 2025 by Judge Clifton H. Smith in Cleveland County Superior Court. Heard in the Court of Appeals 23 September 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Ashton H. Roberts, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for Defendant.*

PER CURIAM.

Defendant Jermaine Sanders appeals his conviction of assault inflicting serious bodily injury entered 28 May 2025. Defendant argues the trial court plainly erred by failing to instruct the jury on the lesser included charge of assault inflicting serious injury. Defendant also argues the trial court erred by admitting video

evidence of a prior altercation between Defendant and his wife, Jennifer Sanders. We hold the trial court did not plainly err by omitting the lesser charge because Defendant failed to show sufficient prejudice. We also hold the trial court did not abuse its discretion by admitting video evidence of a prior bad act because its prejudicial effect did not substantially outweigh its probative value.

## I.    Factual and Procedural History

Defendant was convicted of assault inflicting serious bodily injury. At trial, the State offered evidence that tended to show the following:

On the morning of 17 March 2022, Defendant woke Jennifer to complain that meat had been left out to thaw overnight. Defendant took towels to clean up the meat and Jennifer returned to sleep. When Defendant finished cleaning the mess, he put the towels in the dryer, waking Jennifer for a second time. Jennifer poured herself a cup of coffee while Defendant took a phone call from his cousin. Defendant told Jennifer that he intended to take her car, despite having no driver's license. Jennifer opposed Defendant's plan and the two began arguing.

The argument escalated when Defendant threw a television remote at Jennifer. Jennifer retaliated by throwing her coffee cup at Defendant. Defendant responded by choking Jennifer so she would release her car keys. Jennifer bit Defendant to stop the choking. Jennifer then grabbed her phone and ran outside to call emergency services. Defendant locked the door behind Jennifer. Jennifer broke a window to get back inside. Defendant then exited the home and shattered

Jennifer's phone screen. Jennifer ran to their neighbor's home and Defendant entered Jennifer's car. Jennifer ran back to her car and sat on the hood to prevent Defendant from driving away. Defendant then drove down the driveway with Jennifer on the hood. Defendant and Jennifer continued to argue while Defendant was driving. Jennifer put one foot on the ground to attempt to stop the car. Defendant responded by accelerating. Jennifer fell off the hood of the car.

Cleveland County Sheriff Lieutenant Joe Burris and paramedics arrived and took Jennifer to the emergency room at Atrium Health Cleveland Hospital. Dr. Victor Zuniga diagnosed Jennifer with a concussion, left hip pain, an ankle fracture, and skin abrasion on her arm. Dr. Zuniga estimated Jennifer's injuries would take six to eight weeks to fully heal. Jennifer was discharged from the hospital and referred to OrthoCarolina. While at OrthoCarolina, Jennifer underwent surgery to remove temporary screws from her ankle.

On 11 April 2022, Defendant was indicted for assault inflicting serious bodily injury, assault with a deadly weapon inflicting serious injury, assault by strangulation, assault on a female, communicating threats, and interference with emergency communications.

Two years later, on 4 March 2024, Defendant moved *in limine* to exclude evidence of Defendant's previous offenses under Rules 403 and 404 of the North Carolina Rules of Evidence. On 7 May 2024, the State filed a notice of expert witness.

Defendant filed his objection to the State's expert on 13 May 2024, arguing the State did not provide Defendant with the expert's opinion or basis.

The matter was set for trial in late May 2024. Defendant moved pretrial to appear in civilian clothes, to exclude evidence under Rule 607 to "prevent impeachment" of the State's witness, and to renew Defendant's objection to the State's expert. The trial court granted Defendant's motion to appear in civilian clothes and denied Defendant's other two motions.

After the State called Jennifer to testify, Defendant renewed his objection to the State's use of character evidence under Rules 403 and 404. Defendant specifically argued the State intended to introduce 2021 body camera footage from Cleveland County Sherriff Detective Vincent Boudreau to show Defendant's conformity with a specific character trait. The body camera footage tended to show Defendant attacking Jennifer with a sword. The trial court overruled the objection and allowed Jennifer to testify as to prior instances of domestic violence between Defendant and Jennifer under Rule 404(b). The State later called Detective Boudreau and offered the body camera footage without objection from Defendant.

The State then called Dr. Zuniga to testify. Defendant argued the State should have subpoenaed the applicable OrthoCarolina surgeon rather than Dr. Zuniga. The State responded expert witnesses need not have personal knowledge and may rely upon the opinions of others. The trial court then overruled the objection, and Dr.

Zuniga testified concerning both Jennifer's emergency room visit and screw removal surgery.

Defendant moved to dismiss prior to the close of the State's evidence, arguing Defendant's right to confrontation under Amendment VI of the United States Constitution was violated by allowing Dr. Zuniga to testify on behalf of the OrthoCarolina surgeon. The trial court denied the motion. Defendant then moved to dismiss the charges of assault with a deadly weapon inflicting serious injury and assault inflicting serious bodily injury at the close of the State's evidence. Defendant renewed all of his prior objections and argued the State failed to prove Jennifer suffered serious injury. The motions were again denied. Defendant did not put on evidence or contest the proposed jury instructions.

The trial court instructed the jury as to each of the alleged offenses, without instructing as to any lesser included offenses. The trial court also provided the jury with the following limiting instruction:

> Evidence has been received tending to show that in February of 2021 . . . there was a domestic violence incident investigated by the Cleveland County Sheriff's Office. This evidence was solely received for the purpose of showing . . . [D]efendant had the intent, which is a necessary element of the crimes charged in this case, and the absence of mistake. If you believe this evidence, you may consider it *but only for the limited purpose for which it was received*. You may not consider it for any other purpose.

(Emphasis added).

After deliberation, the jury found Defendant guilty of assault inflicting serious injury. Defendant orally appealed.

## II.    Analysis

Defendant raises two issues on appeal: first, the trial court plainly erred by failing to instruct the jury as to the lesser included offense of assault inflicting serious injury; and second, the trial court erred by admitting video evidence from a prior offense because the evidence's prejudicial effect substantially outweighed its probative value.

## A.    Jury Instructions

Defendant concedes he failed to properly preserve an objection to the jury instructions under Rule 10(a) of the North Carolina Rules of Appellate Procedure. However, Defendant argues this Court should review the trial court's jury instructions for plain error because the jury "probably would have convicted [Defendant] of, if anything, the lesser charge" had the trial court instructed the jury as to both assault inflicting serious bodily injury and the lesser-included offense of assault inflicting serious injury. Accordingly, Defendant argues this Court must vacate the conviction and grant him a new trial.

Ordinarily, if a party fails to properly preserve an issue at trial, he is precluded from raising the issue on appeal. N.C. R. App. P. 10(a)(1). However, if the party is a criminal defendant, he may raise his improperly preserved issue concerning the admission of evidence or jury instructions if the "judicial action questioned is

specifically and distinctly contended to amount to plain error." N.C. R. App. P. 10(a)(4).

To establish plain error, "a defendant must demonstrate that a fundamental error occurred at trial[]" and the reviewing court "must examine the entire record [to] determine if the . . . error had a probable impact on the jury's finding of guilt." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012); *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 378–79 (1983). Jury instructions rise to plain error only when the trial court's error was "so fundamental that it tilted the scales and caused the jury to reach its verdict." *State v. Bagley*, 321 N.C. 201, 211, 362 S.E.2d 244, 251 (1987). The reviewing court "must be convinced" by the criminal defendant that "absent the error[,] the jury probably would have reached a different verdict." *State v. Bell*, 166 N.C. App. 261, 263, 602 S.E.2d 13, 14 (2004) (citing *Odom*, 307 N.C. at 661, 300 S.E.2d at 378–79).

Here, Defendant argues the trial court should have instructed the jury as to both assault inflicting serious bodily injury and its lesser included offense of assault inflicting serious injury. "The trial court may refrain from submitting [a] lesser offense to the jury only where the evidence is clear and positive as to each element of the offense charged and no evidence supports a lesser[]included offense." *State v. Tillery*, 186 N.C. App. 447, 450, 651 S.E.2d 291, 294 (2007). However, "[a] judge presiding over a jury trial must instruct the jury as to a lesser included offense of the crime charged where there is evidence from which the jury could reasonably conclude

that the defendant committed the lesser included offense." *State v. McConnaughey*, 66 N.C. App. 92, 95, 311 S.E.2d 26, 28–29 (1984) (citing *State v. Wallace*, 309 N.C. 141, 145, 305 S.E.2d 548, 551 (1983)).

If there is some evidence in the record that supports a lesser degree of offense than the one charged, the defendant is entitled to have all applicable lesser offenses submitted to the jury as alternate verdicts. *State v. Palmer*, 293 N.C. 633, 643–44, 239 S.E.2d 406, 413 (1977). When a trial court fails to do so, "it cannot be known whether the jury would have convicted [the] defendant of the lesser offense" and the defendant is entitled to a new trial, even if the jury found the defendant guilty of the greater offense. *Id.* at 644, 239 S.E.2d at 413; *State v. Whitaker*, 316 N.C. 515, 520, 342 S.E.2d 514, 518 (1986).

A failure to instruct a jury as to a lesser included offense may rise to plain error only if the defendant can show sufficient prejudice. *State v. Demick*, 288 N.C. App. 415, 434, 886 S.E.2d 602, 617 (2023). To show sufficient prejudice, the defendant must show the elements of the lesser offense are "essential elements of the greater crime[]" and the jury "would have reached a different result had it received instruction" on the lesser offense. *Id.* at 434, 437, 886 S.E.2d at 617, 618; *State v. Nickerson*, 365 N.C. 279, 282, 715 S.E.2d 845, 847 (2011). However, if the State offered "overwhelming evidence" of guilt as to the greater offense and the defendant failed to rebut the State's evidence, or introduce conflicting evidence as to severity,

this Court will not find sufficient prejudice to establish plain error. *Demick*, 288 N.C. App. at 437, 715 S.E.2d at 847.

Further, a defendant is not entitled to a lesser included offense instruction merely by asserting the jury could possibly believe only some of the State's evidence. *See State v. Annadale*, 329 N.C. 557, 568, 406 S.E.2d 837, 844 (1991) ("If the evidence is sufficient to fully satisfy the State's burden of proving each and every element of the offense . . . , and there is no evidence to negate these elements other than [the] defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of [a lesser included offense].").

Here, the parties agree assault inflicting serious injury is a lesser included offense contained within assault inflicting serious bodily injury. The trial court did not instruct the jury as to assault inflicting serious injury. Assuming *arguendo* the trial court's failure to instruct the jury as to the lesser included offense was error, we hold Defendant cannot show he was prejudiced by the error.

To establish prejudice, Defendant argues the jury could have reasonably found the State met the definition of serious injury, but not serious *bodily* injury. Defendant looks to Jennifer's medical records which show Jennifer suffered neither a skull fracture nor brain bleeding, and Jennifer's ankle healed. Defendant further claims Jennifer was "exaggerating her injuries" and the jury did not "believe much of [Jennifer]'s testimony" because it acquitted Defendant on all other charges. As a

result, Defendant argues the jury would have probably convicted Defendant of assault inflicting serious injury instead of assault inflicting serious bodily injury had the jury had the opportunity to do so.

In *State v. Williams*, this Court affirmed the defendant's conviction of assault inflicting serious bodily injury, holding a reasonable juror would have found the victim's injuries created a "protracted condition that cause[d] extreme pain." *State v. Williams*, 150 N.C. App. 497, 504, 563 S.E.2d 616, 620 (2002) (brackets in original). The jury relied on evidence which showed the victim suffered a broken jaw which was wired shut for two months, broken ribs, visits to the emergency room, and pain persisting until the trial. *Id.* at 503, 563 S.E.2d at 620. This Court, viewing the evidence in the light most favorable to the State, found the evidence sufficient to establish "serious bodily injury" under section 14-32.4. *Id.* Thus, the State can meet its burden of proving serious bodily injury by offering evidence which tends to show a victim's injuries have long-lasting effects. *Id.*

Here, the State's evidence tended to show Jennifer was "dragged down the road while holding onto the vehicle [Defendant] was driving[;]" Jennifer suffered a head injury, broken bones, and permanent disfigurement; and Jennifer underwent four surgeries to repair her ankle. The State presented this evidence through both expert testimony and Jennifer's medical records. Dr. Zuniga testified it would take approximately six to eight weeks for Jennifer to fully heal and Jennifer also continued

to suffer lingering pains from the assault until the trial was held. Defendant did not offer his own evidence to disprove the State's evidence.

Like *Williams*, the State in this case overwhelmingly met its burden of proving serious bodily injury because Jennifer suffered a "protracted condition" which caused extreme pain. *Williams*, 150 N.C. App. at 504, 563 S.E.2d at 620. We are not convinced the jury would have convicted Defendant of the lesser charge, and not the greater, had the jury been instructed as to the lesser charge. *See Odom*, 307 N.C. at 661, 300 S.E.2d at 378–79. Because the State met its burden, and because Defendant failed to rebut the State's evidence or put on evidence of his own, Defendant cannot show sufficient prejudice to amount to plain error. *Demick*, 288 N.C. App. at 437, 715 S.E.2d at 847.

## B.    Rule 403 Substantial Prejudice

Defendant next argues the trial court improperly admitted evidence under Rule 403 of the North Carolina Rules of Evidence. Specifically, Defendant argues the admission of the video of the prior domestic violence incident involving a sword was "incendiary" and "inflame[d] the passions of the jury." Defendant further argues the video evidence was unnecessarily cumulative and "created a danger that the jury would decide the case on improper emotional grounds."

This Court reviews the admissibility of evidence under Rule 403 for abuse of discretion. *State v. Summers*, 177 N.C. App. 691, 697, 629 S.E.2d 902, 907 (2006). An abuse of discretion occurs when a trial judge's ruling is "manifestly unsupported

by reason and could not have been the result of a reasoned decision." *State v. Riddick*, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (internal quotations omitted). If the evidence challenged involved a prior bad act under Rule 404(b), we must conduct a two-prong analysis. *State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012). First, we review de novo whether the evidence falls within the coverage of Rule 404(b). *Id.* Second, we review the trial court's determination to admit under Rule 403 for abuse of discretion. *Id.*

Here, both parties agree the testimonial and video evidence was relevant evidence under Rule 404. From our own examination of the record, we hold the evidence was admissible because it falls within the scope of Rule 404(b) to show intent and absence of mistake. *See id.* Thus, we turn to abuse of discretion under Rule 403.

"[A]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. R. Evid. 403. "'Unfair prejudice,' as used in Rule 403, means 'an undue tendency to suggest decision on an improper basis, common, though not necessarily, as an emotional one.'" *State v. DeLeonardo*, 315 N.C. 762, 772, 340 S.E.2d 350, 357 (1986). To exclude evidence under Rule 403, a party must show unfair prejudice substantially outweighs the probative value of the evidence. *State v. Lyons*, 340 N.C. 646, 669, 459 S.E.2d 770, 782 (1995). "The test for excess is not formulaic: there is no bright line indicating at what point the number of

crime scene . . . photographs becomes too great." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). If published evidence "add[s] nothing to the State's case, then its probative value is nil, and nothing remains but its tendency to prejudice." *Id.* at 286, 372 S.E.2d at 527 (quoting *State v. Temple*, 302 N.C. 1, 14, 273 S.E.2d 273, 281 (1981) (internal quotations omitted)).

In *State v. Jones*, the defendant argued admitting evidence of a prior breaking and entering offense was inadmissible under Rule 403 because "utilizing multiple types of evidence—testimony, court records and videos—was needlessly cumulative and unnecessary[.]" *State v. Jones*, 288 N.C. App. 175, 184, 884 S.E.2d 782, 791 (2023). During the trial, the defendant admitted to a prior instance of breaking and entering. *Id.* at 177, 884 S.E.2d at 787. The State, when conducting *voir dire* of its witness, sought to introduce surveillance video of the prior breaking and entering. *Id.* at 177–78, 884 S.E.2d at 787. The defendant objected to the video's admission on authentication grounds and on grounds the prior offense was "highly prejudicial and had a very limited probative nature." *Id.* at 178, 884 S.E.2d at 787. The defendant failed to object on grounds the evidence was unnecessarily cumulative under Rule 403. *Id.* (internal quotations omitted). The trial court overruled the authentication objection and allowed the video evidence without characterization by either the State or the witness. *Id.* at 178, 884 S.E.2d at 787. On appeal, the defendant argued the video evidence was needlessly cumulative and inadmissible under Rule 403. *Id.* at 184, 884 S.E.2d at 791. This Court dispensed the needlessly cumulative argument

for failure to preserve and addressed only the remaining Rule 403 argument. *Id.* at 186, 884 S.E.2d at 793.

This Court held, when reviewing admissibility under Rules 404(b) and 403, we must determine whether the trial court "first heard the testimony of the 404(b) witness outside the presence of the jury[;] excluded testimony about any incidents without sufficient similarity; and gave limiting instructions to the jury." *Id.* at 185, 884 S.E.2d at 792 (internal quotations omitted). This determination requires us to consider whether the Rule 404(b) evidence was sufficiently similar and not too remote in time to the underlying facts. *Id.* at 184, 884 S.E.2d at 791; *Beckelheimer*, 366 N.C. at 133, 726 S.E.2d at 160. If the Rule 404(b) evidence is sufficiently similar and temporally proximate, we then review for abuse of discretion whether the trial court "careful[ly] handl[ed] the process" by considering the potential danger of unfair prejudice to the defendant. *Jones*, 288 N.C. App. at 186, 884 S.E.2d at 792. We held the trial court did not abuse its discretion by admitting the evidence under Rule 403 because it conducted a *voir dire* of the investigating officer outside the presence of the jury and gave the jury a limiting instruction that "explicitly told the jury the purposes for which they could consider the prior . . . incident and warned them they could not consider it for any other purpose." *Id.* at 185–86, 882 S.E.2d at 792.

Here, Defendant, like the defendant in *Jones*, argues the presentation of the same evidence through both witnesses and published video evidence was needlessly cumulative. *See id.* at 184, 884 S.E.2d at 791. Also like *Jones*, Defendant failed to

preserve this issue by timely objection. *See id.* at 186, 884 S.E.2d at 793. Accordingly, we decline to review Defendant's cumulative evidence argument. *Id.* at 184, 884 S.E.2d at 791.

Defendant also argues the video evidence was "disproportionate to its probative value" because it "primed the jury to decide the case on an improper basis: an emotional one." Accordingly, we must review whether the evidence was sufficiently similar and temporally proximate to the case *sub judice*. *See id.* at 186, 884 S.E.2d at 792. We hold the evidence is sufficiently similar to the underlying facts because it involves the same parties, involved similar violent conduct of Defendant, and occurred only a year prior to the underlying facts. Further, the trial court carefully handled the evidentiary process because it considered the potential danger of undue prejudice to Defendant outside the presence of the jury and gave a specific limiting instruction. *See id.* Accordingly, we hold the trial court did not abuse its discretion by admitting the video evidence under Rule 403. *See id.*

### III.   Conclusion

The trial court did not plainly err by omitting jury instructions on a lesser included offense and did not err by admitting evidence under Rule 403.

NO PLAIN ERROR IN PART AND NO ERROR IN PART.

Panel consisting of Judges STROUD, COLLINS, and GRIFFIN.

Report per Rule 30(e).