STATE OF NORTH CAROLINA v. TOMMY WAYNE MILLIGAN

No. COA08-151

(Filed 16 September 2008)

**1. Evidence— prosecutor's notes—informal conversation with victim—not allowed for impeachment of victim— cross-examination on substance allowed**

The trial court did not err by prohibiting defendant from impeaching a breaking and entering victim with the prosecutor's notes of an informal discussion that were not signed or adopted in any way by the victim. A document is not a statement for purpose of examination, cross-examination, or admissions at trial simply because it is a statement and discoverable under N.C.G.S. § 15A-903. The court here allowed cross-examination of the victim about statements she made to the prosecutor, but did not allow the prosecutor's notes to be placed before the jury and did not allow the prosecutor to be called as a witness to verify the notes.

**2. Burglary and Unlawful Breaking or Entering— sufficiency of evidence—tool shed**

There was sufficient evidence of breaking or entering and larceny by the former employee of a siding company who was accused of breaking into a shed where equipment was stored and taking equipment therefrom.

**3. Motor Vehicles— unauthorized use—sufficiency of evidence**

There was sufficient evidence of unauthorized use of a motor vehicle by the former employee of a siding company who refused to return a truck after the business closed. N.C.G.S. § 14-72.2

Appeal by defendant from judgment entered 15 August 2007 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 21 August 2008.

*Attorney General Roy A. Cooper III, by Assistant Attorney General Harriet F. Worley, for the State.*

*Michelle FormyDuval Lynch, withdrew as counsel and the Office of Appellate Defender appointed substitute counsel, Kristen L. Todd for defendant-appellant.*

STEELMAN, Judge.

The trial court's refusal to allow the prosecutor's notes into evidence was not an abuse of discretion and did not constitute error. The trial court properly denied defendant's motions to dismiss each of the charges.

## I. Factual and Procedural Background

Tommy Wayne Milligan (defendant) was employed by Cameo Vaughn (Vaughn) as the *de facto* foreman of her vinyl siding business ("the company"). The company owned a burgundy Chevy Silverado truck with black ladder racks installed on top and a distinctive "Speak Up For Jesus" sticker on the rear bumper. Defendant was allowed for a period to drive the company truck home in order to provide rides for workers to and from job sites.

On 13 January 2006, Vaughn decided to shut down the business and so informed the company's employees. At the request of defendant, he was allowed to keep the truck and a few pieces of equipment for a limited time in order to finish a side job. After the agreed upon time period had elapsed, Vaughn repeatedly contacted defendant requesting the return of the truck and equipment. In March 2006, defendant informed Vaughn that he did not intend to return the truck or equipment because he felt she owed him money. Vaughn denied that she owed defendant any money.

On 29 March 2006, Vaughn was·driving on Highway 17 towards her home when she observed the company truck being driven in the opposite direction. She identified the truck by its make, color, and distinctive ladder rack and bumper sticker. Upon arriving home, she discovered the door to her storage shed was open and several pieces of equipment used in the siding business were missing. Two of Vaughn's neighbors had seen a truck matching the description of the company truck in Vaughn's driveway earlier that day. One of these witnesses saw a man matching defendant's description leaning against the truck. Vaughn called the police who responded and took a report.

Several days later, on 4 April 2006, Detectives Marty Folding and Steve Mason went to defendant's home to serve the defendant with a warrant for unauthorized use of the company truck and to retrieve the truck. When they arrived at defendant's home, they observed a car in the driveway, the license plate of which was registered to the com-

pany truck. The company truck was located elsewhere on the property and had no license tag.

On 23 October 2006, Assistant District Attorney Brooke Leland (Leland) met with Vaughn and informally discussed the history and facts of the case. During this meeting, Leland took some handwritten notes which were never reviewed or adopted by Vaughn. Responding to defendant's requests for discovery of witness statements, Leland typed her handwritten notes into a narrative form and provided them to defense counsel with a notation that they may contain factual inaccuracies.

On 7 June 2006, defendant was indicted on charges of unauthorized use of a motor vehicle, felonious breaking or entering, and felonious larceny. The case was tried at the 14 August 2007 criminal session of Superior Court of Brunswick County, and the jury found defendant guilty of all charges. Defendant received consecutive active sentences of 10 to 12 months for the two felony charges, and a concurrent sentence of 120 days for the unauthorized use of a motor vehicle charge. Defendant appeals.

## II.  Leland's Notes

[1] In his first argument, defendant contends that the trial court erred in prohibiting defendant from using Leland's notes to impeach Vaughn. We disagree.

During the trial, counsel for defendant began a line of questioning during his cross-examination of Vaughn based on Leland's notes. Defense counsel attempted to approach the witness to show her Leland's notes. At that point the State objected. The court then heard arguments from both sides regarding the use of the notes to impeach the witness. The court ruled as follows:

"With regard to the statement; sir, I am of the opinion that you [defense counsel] can ask the prosecuting witness what, if anything, she told the prosecutor with regards to this case. This statement has not been attested to by the witness, nor was it made in the presence of any law enforcement officer; but I am of the opinion that you can ask her, 'Did you tell Ms. Leland you were on Highway 87? Did you tell Ms. Leland, you know, that you looked in the rearview mirror? As opposed to turning around and seeing the bumper sticker?' But with regard to being able to approach her, have her read the statement and things like that; I don't think that that is appropriate. But you can certainly cross

examine her, sir; as to anything she may have said to the D.A. and then Ms. Leland will have the opportunity on redirect to clarify anything she wants to clarify."

Effective 1 October 2004, the General Assembly amended the provisions of N.C. Gen. Stat. § 15A-903.[1] This version of the statute was interpreted in the case of *State v. Shannon*, 182 N.C. App. 350, 642 S.E.2d 516 (2007), as follows:

The plain, unambiguous meaning of this requirement is that "statements" need not be signed or adopted by a witness before being *subject to discovery*.

*Id.* at 359, 642 S.E.2d at 523 (emphasis added). Leland's notes of her conversation with Vaughn thus constituted a "statement" of Vaughn, discoverable under N.C. Gen. Stat. § 15A-903.

Defendant argues, without citation of authority, that since Leland's notes constituted a "statement" for discovery purposes under N.C. Gen. Stat. § 15A-903, he was entitled to use them to cross-examine the witness and to introduce them at trial. We hold that simply because a document is a statement and discoverable under N.C. Gen. Stat. § 15A-903 does not mean that it is a statement of a witness for purposes of examination, cross-examination, or admissibility at trial. *See State v. Jackson*, 340 N.C. 301, 315-16, 457 S.E.2d 862, 870-71 (1995) (exclusion of pipe did not affect defendant's right of confrontation because thorough cross-examination was allowed).

Defendant then argues that under the cases of *State v. Whitley*, 311 N.C. 656, 319 S.E.2d 584 (1984), and *State v. Larrimore*, 340 N.C. 110, 456 S.E.2d 789 (1995), he was entitled to use Leland's notes as extrinsic evidence to impeach Vaughn's testimony. We hold that these cases are not controlling. In *Whitley*, a witness, Betty Whitley, testified at trial for the defendant. On rebuttal, the State was permitted to call an officer, over the objection of defendant, who read into evidence Betty Whitley's prior statement to the officer. On appeal, defendant contended that the prior statement dealt with a collateral matter and should not have been admitted. The Supreme Court disagreed. The Court held that the prior statement was corroborative of Whitley's earlier testimony, and not collateral. The Court further held

---

1. On 28 July 2007, Session Law 2007-377 was enacted amending N.C. Gen. Stat. § 15A-903 "to clarify that a witness's oral statements to a prosecuting attorney do not need to be recorded unless the statement contains significantly new or different information from a prior statement. . . ." 2007 Session Law 377. This amendment was effective on 19 August 2007, and does not apply to this case.

STATE v. MILLIGAN

[192 N.C. App. 677 (2008)]

that even if the testimony was collateral in nature, defendant failed to demonstrate prejudice under N.C. Gen. Stat. § 15A-1443(a).

In *Larrimore*, the State sought to introduce a defense witness' testimony at a prior trial as part of its evidence on rebuttal. On appeal, defendant contended that his confrontation rights were violated by the State not recalling the witness. Relying upon *Whitley*, the Supreme Court held that the trial court did not err in allowing the extrinsic evidence of the prior testimony to impeach the witness for the defendant.

In the instant case, the issues presented are whether the trial court erred in denying defendant's request to place the prosecutor's actual notes before the jury and in refusing to allow defendant to call the prosecutor as a witness to verify the contents of the notes. Neither of these issues was before the Supreme Court in *Whitley* or *Larrimore*. Rather, in those cases, the Supreme Court held that the trial court did not err in allowing the prior statements into evidence.

Since the prosecutor's notes were not signed or adopted in any other manner by the witness, the trial court did not err in its rulings. Further, we hold that Judge Lewis' ruling, set forth in its entirety above, afforded defendant a full, fair, and comprehensive opportunity to cross-examine Vaughn concerning any statements that she made to Leland. The control of the examination of witnesses at trial rests in the sound discretion of the trial court. *State v. Goldman*, 311 N.C. 338, 350, 317 S.E.2d 361, 368 (1984). We discern no abuse of that discretion by the trial court in this case.

Finally, defendant's assignments of error assert that the trial court committed constitutional error. However, we note that defendant makes no argument in his brief asserting that any error was constitutional. Such assignment of error is deemed abandoned. N.C.R. App. P. 28(b)(6). Further, there was no assertion of any violation of constitutional rights at trial, and as such, it was not preserved for our review. N.C.R. App. P. 10(b)(1).

This argument is without merit.

### III. Motion to Dismiss

In his second argument, defendant contends that the trial court erred in denying his motions to dismiss. We disagree.

### A. Standard of Review

Upon a motion to dismiss in a criminal trial, the Court must determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (*quoting State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted)). The court must consider all "the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Morgan*, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004), *cert. denied*, 546 U.S. 830, 163 L. Ed. 2d 79 (2005) (*citing State v. Gladden*, 315 N.C. 398, 430, 340 S.E.2d 673, 693 (1986) (citations omitted)). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Stone*, 323 N.C. 447, 452, 373 S.E.2d 430, 433 (1988) (citing *State v. Stephens*, 244 N.C. 380, 384, 93 S.E.2d 431, 433 (1956)).

### B. Breaking or Entering and Larceny

[2] With respect to the instant case, in order for the charge of breaking or entering to be submitted to the jury, the State must present substantial evidence that defendant either broke into or entered into Vaughn's storage building with the intent to commit a felony. N.C. Gen. Stat. § 14-54. The charge of felonious larceny requires that the State prove that the defendant took property from the victim either with a value of more than $1,000 or after a breaking or entering. N.C. Gen. Stat. § 14-72.

In cases of breaking or entering and larceny, the doctrine of recent possession can be applied when it is shown that stolen property was found in the defendant's possession soon after it was stolen and under circumstances that make it unlikely that the defendant obtained possession honestly. "When the doctrine of recent possession applies in a particular case, it suffices to repel a motion for nonsuit and defendant's guilt or innocence becomes a jury question." *State v. Maines*, 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981).

Evidence was presented, which, in the light most favorable to the State, showed that the shed was kept locked to prevent unauthorized access and theft. A man matching defendant's description was seen leaning against the company truck, which was known to be in defendant's possession on the date of the larceny. The truck and the man

**STATE v. MILLIGAN**

[192 N.C. App. 677 (2008)]

were seen outside the shed while the shed door was partway open. Later that same evening Vaughn discovered and reported that the storage shed had been broken into and equipment was stolen. The company truck and at least some of the equipment stolen from the storage building were recovered a few days later at defendant's residence. The trial court did not err in denying defendant's motion to dismiss the charges of breaking or entering and larceny.

## C. Unauthorized Use of a Motor Vehicle

**[3]** In the instant case, the charge of unauthorized use of a motor vehicle required that the state show that the defendant willfully took or operated the company truck without the owner's consent and knowing he did not have the owner's consent. N.C. Gen. Stat. § 14-72.2 (2007).

The defendant was the last person to have possession and control of the truck. He had the truck in his sole possession for nearly a month between the time he last refused to return the truck to Vaughn and the events of 29 March 2006. On the day of the larceny, the company truck was observed at Vaughn's shed accompanied by a man matching defendant's description. The same truck was recovered several days later at defendant's residence. Taken in the light most favorable to the State, a jury could reasonably conclude that the man who drove the truck to Vaughn's shed and removed her property was the defendant. The trial court did not err in denying defendant's motion to dismiss.

This argument is without merit.

Remaining assignments of error listed in the record but not argued in the defendant's brief are deemed abandoned. N.C.R. App. P. 28(b)(6) (2007).

NO ERROR.

Judges GEER and STEPHENS concur.