NO. COA14-224

NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

STATE OF NORTH CAROLINA

   v.                            Mecklenburg County
                                    Nos. 12 CRS 16114, 202039

STILLOAN DEVORAY ROBINSON


Appeal by Defendant from judgment entered 30 August 2013 by Judge Robert T. Sumner in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 August 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Hugh Harris, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Jon H. Hunt, for Defendant.*


STEPHENS, Judge.


*Procedural and Factual Background*

On 6 February 2012, Defendant Stilloan Devoray Robinson was indicted for possession of a stolen motor vehicle, breaking and entering a motor vehicle, and larceny of a motor vehicle.[1] On 2 April 2012, Defendant was indicted for having attained the

---

[1] In two superseding indictments in May 2013, Defendant was indicted for the same three offenses.

status of an habitual felon. The evidence at Defendant's August 2013 trial tended to show the following:

On 13 January 2012, Defendant was arrested just after parking and exiting a car belonging to William Markham which Markham had reported stolen. At the time, Markham and Defendant were roommates at the McCloud Federal Halfway House[2] in Charlotte. Markham testified that, on 10 January 2012, he returned to the house after work, parking his car in a back parking lot. Markham checked in with staff and went to his room. Defendant and Markham's other roommates were present. After changing out of his work clothes, Markham hid his car keys in his shoe and left the room to make a phone call. When Markham returned, he discovered that Defendant and the car keys were both gone. Markham checked the parking lot and saw that his car was missing. Markham testified that he had not given Defendant permission to take his car. A staff member at the halfway house testified that she saw Defendant drive away in Markham's car and called the Charlotte-Mecklenburg Police Department.

---

[2] The facility is also referred to as the "McCloud Center" at certain points in the trial transcript.

Defendant's theory of the case was that Markham had given him permission to use the car on a limited basis. Specifically, Defendant testified that Markham had agreed to loan Defendant the car for one day in exchange for crack cocaine.[3] After being unable to obtain actual crack cocaine, Defendant gave Markham some counterfeit crack cocaine on 10 January 2012. In exchange, Markham gave Defendant his car keys with the understanding that Defendant would return the car by leaving it at a local McDonald's the following day. However, on direct examination, Defendant acknowledged that he kept Markham's car for three days:

> Q.   About how long would you have used the car?
>
> A.   He wanted it the next day.
>
> Q.   So the understanding was that you were going to use it one day.
>
> A.   Yes, sir.
>
> Q.   You were only supposed to only have it one day.
>
> A.   Yes, sir.
>
> Q.   And you wound up keeping it longer?
>
> A.   Longer than that.

---

[3] Markham testified that he had never used any form of cocaine.

At the charge conference following completion of the evidence, Defendant requested that the jury be instructed on the crime of unauthorized use of a motor vehicle as a lesser-included offense of possession of a stolen motor vehicle. The trial court denied the request.

The jury found Defendant guilty of possession of a stolen motor vehicle, but not guilty of the other two substantive criminal charges. Defendant admitted to having attained habitual felon status. The trial court sentenced Defendant to an active term of 84-113 months in prison. Defendant's trial counsel gave notice of appeal in open court following the jury's verdict, but failed to give notice of appeal following entry of the trial court's final judgment. Instead, trial counsel asked the court whether the appeal would be assigned to the Office of the Appellate Defender. The trial court responded by appointing the Office of the Appellate Defender to represent Defendant in his appeal, and stated, "I'll note your appeal for the record."

By failing to give timely notice of appeal, Defendant has lost his right of appeal. *See* N.C. Gen. Stat. §§ 7A-27(b), 15A-1444(a) (2013). Recognizing this deficiency, Defendant's appellate counsel has filed, along with the record on appeal and Defendant's brief, a petition for writ of *certiorari* pursuant to

Appellate Rule 21. "Rule 21 provides that a writ of *certiorari* may be issued to permit review of trial court orders . . . when[, *inter alia*] the right to an appeal has been lost by failure to take timely action . . . ." *Bailey v. North Carolina Dep't of Revenue*, 353 N.C. 142, 157, 540 S.E.2d 313, 322 (2000) (citing N.C.R. App. P. 21(a)) (italics added). The State did not oppose Defendant's petition, and we allowed Defendant's petition for writ of *certiorari* by order entered 23 July 2014.

*Discussion*

Defendant argues that he received ineffective assistance of counsel ("IAC") in that "his trial attorney, on direct examination, asked him questions to which the answers conceded his guilt to the only crime for which he was convicted[,]" to wit, possession of a stolen motor vehicle.

"An IAC claim must establish both that the professional assistance [the] defendant received was unreasonable and that the trial would have had a different outcome in the absence of such assistance." *State v. Fair*, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) (citation omitted), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002).

> IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, *i.e.*, claims that may be developed

> and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing. This rule is consistent with the general principle that, on direct appeal, the reviewing court ordinarily limits its review to material included in the record on appeal and the verbatim transcript of proceedings, if one is designated.

*Id.* at 166, 557 S.E.2d at 524-25 (citations and internal quotation marks omitted). Defendant contends that the record before us is sufficient for this matter to be resolved without further investigation, and we agree. Accordingly, we address the merits of his argument.

The only elements of the offense of possession of a stolen motor vehicle under N.C. Gen. Stat. § 20-106 are that (1) the defendant possessed a motor vehicle which (2) he knew or had reason to believe was stolen. *State v. Baker*, 65 N.C. App. 430, 437, 310 S.E.2d 101, 108 (1983), *cert. denied*, 312 N.C. 85, 321 S.E.2d 900 (1984). Property is stolen when it has been carried away without the owner's consent and *with the intent to permanently deprive the owner of the property*. *See, e.g., State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982), *overruled in part on other grounds by State v. Mumford*, 364 N.C. 394, 699 S.E.2d 911 (2010).

As noted *supra* in the recap of the evidence presented at trial, Defendant never disputed that he possessed Markham's car. Rather, Defendant contended that he possessed the car with Markham's permission and that he intended to return it to Markham per their alleged agreement. On direct examination, defense counsel's questions only induced Defendant to admit that he had kept the car longer than the alleged agreement with Markham had permitted. Defense counsel's questions did not require Defendant to admit to believing the car was stolen, and indeed, Defendant never gave any testimony indicating that he knew or had reason to know that the car was stolen. To the contrary, Defendant's testimony was that he knew the car was *not* stolen at the time he possessed it, in that Markham had given Defendant permission to use it. Although Defendant did admit to keeping Markham's car longer than permitted by the alleged agreement, he never suggested that he had the intent to permanently deprive Markham of the car. In sum, defense counsel did not elicit testimony from Defendant which conceded his guilt of any crime for which he was charged,[4] and thus, Defendant

---

[4] Defendant's testimony would have supported his conviction of a charge of unauthorized use of a motor vehicle (the current version of statute is titled "[u]nauthorized use of a motor-propelled conveyance"). "A person is guilty of [unauthorized

cannot show that he received ineffective assistance in this regard. Accordingly, Defendant's IAC argument is overruled.

*Defendant's Motion to File Supplemental Brief*

On 30 June 2014, Defendant filed with this Court a "motion to file supplemental brief." In the motion, appellate counsel for Defendant states the following: That he intended to argue on direct appeal that the trial court committed reversible error in denying the defense request to instruct the jury on unauthorized use of a motor vehicle as a lesser-included offense of possession of a stolen motor vehicle. While researching the issue, however, appellate counsel reviewed this Court's opinion in *State v. Oliver*, __ N.C. App. __, 718 S.E.2d 731 (2011). In *Oliver*, the defendant had alleged error in the trial court's refusal to instruct on unauthorized use of a motor vehicle,

---

use of a motor vehicle] if, without the express or implied consent of the owner or person in lawful possession, he takes or operates an aircraft, motorboat, motor vehicle, or other motor-propelled conveyance of another." N.C. Gen. Stat. § 14-72.2(a) (2013). "One of the essential elements of unauthorized use of a motor vehicle is the taking or operating of a motor vehicle without having formed an intent to permanently deprive the owner thereof." *State v. McCullough*, 76 N.C. App. 516, 518, 333 S.E.2d 537, 538 (1985) (contrasting this offense with that of common law robbery). This offense occurs, *inter alia*, where one initially has permission for the use of a vehicle, but keeps the vehicle after its owner has withdrawn his permission or requested that the vehicle be returned. *See, e.g.*, *State v. Milligan*, 192 N.C. App. 677, 666 S.E.2d 183 (2008).

contending that "all the essential elements of unauthorized use of a stolen vehicle are essential elements of possession of a stolen vehicle." *Id.* at __, 718 S.E.2d at 734. This Court rejected the defendant's contention on the following basis:

> During the pendency of [the] defendant's appeal, our Supreme Court addressed this very issue of whether unauthorized use of a motor vehicle is a lesser[-]included offense of possession of a stolen vehicle. *See State v. Nickerson*, 365 N.C. 279, 715 S.E.2d 845 (2011). Due to our Supreme Court's recent decision, we see no need to further discuss this issue. *Id.* Consequently, the trial court did not err in not instructing the jury on the crime of unauthorized use of a stolen vehicle as it is not a lesser[-]included offense of possession of a stolen vehicle.

*Id.* However, as appellate counsel now notes, in *Nickerson* "the principal question [wa]s whether the crime of unauthorized use of a motor vehicle is a lesser[-]included offense of *possession of stolen goods.*" *Nickerson*, 365 N.C. at 281, 715 S.E.2d at 846 (emphasis added). The Supreme Court reasoned that

> [b]oth offenses concern personal property. However, the specific definitional requirement that the property be a "motor-propelled conveyance" is an essential element unique to the offense of unauthorized use of a motor vehicle. For the offense of possession of stolen goods, the State need not prove that [the] defendant had a "motor-propelled conveyance" but rather that the property in [the] defendant's possession is any type of

personal property. As such, unauthorized use of a motor vehicle has an essential element not found in the definition of possession of stolen goods. Because we conclude that this element of the lesser crime is not an essential element of the greater crime, we need not address the other elements.

*Id.* at 282, 715 S.E.2d at 847 (citation omitted). Thus, in *Oliver*, this Court mistakenly relied on *Nickerson* for a proposition not addressed, nor a holding reached, in that case.

To compound that error, appellate counsel concedes that he relied solely on our opinion in *Oliver* in determining that the law on whether unauthorized use of a stolen vehicle is a lesser-included offense of possession of a stolen vehicle was settled contrary to Defendant's prospective argument on this issue. Appellate counsel did not read *Nickerson* at that time, and thus did not discover the discrepancy in the opinions. Instead, appellate counsel filed Defendant's brief and petition for writ of *certiorari* with this Court without including the jury instruction issue.

In June 2014, appellate counsel read *Nickerson* and realized the discrepancy between that opinion's actual holding and the holding as described in and relied upon by this Court in *Oliver*. In Defendant's "motion to file supplemental brief[,]" he asks this Court to exercise our discretion under Rule 2 of our Rules

of Appellate Procedure to prevent manifest injustice to Defendant. *See* N.C.R. App. P. 2. In its response filed 8 July 2014, the State did not object to Defendant's motion. By order entered 24 July 2014, we allowed Defendant's motion and instructed the State to file its own supplemental brief on the jury instruction issue no later than 8 August 2014. The following day, the State filed a motion for an extension of time until and including 20 August 2014 to file its supplemental brief which we allowed by order entered 1 August 2014.

As for the merits of this argument, as Defendant concedes in his supplemental brief, we are bound by this Court's decision in *Oliver*. *See In re Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.") (citations omitted). However, we hope that by noting the clear discrepancy between *Oliver* and *Nickerson*, the Supreme Court may take this opportunity to clarify our case law and provide guidance on the issue of whether unauthorized use of a motor vehicle is in fact a lesser-included offense of possession of a stolen motor vehicle. *See State v. Jones*, 358 N.C. 473, 487, 598 S.E.2d 125,

134 (2004) ("While we recognize that a panel of the Court of Appeals may disagree with, or even find error in, an opinion by a prior panel and may duly note its disagreement or point out that error in its opinion, the panel is bound by that prior decision until it is overturned by a higher court."). In light of *Oliver*, we must conclude that the trial court did not err in denying Defendant's request for an instruction on unauthorized use of a motor vehicle.

NO ERROR.

Judges CALABRIA and ELMORE concur.