IN THE SUPREME COURT OF NORTH CAROLINA

No. 398PA14

FILED 6 NOVEMBER 2015

STATE OF NORTH CAROLINA

v.

STILLOAN DEVORAY ROBINSON

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 763 S.E.2d 178 (2014), finding no error after appeal from a judgment entered on 30 August 2013 by Judge Robert T. Sumner in Superior Court, Mecklenburg County. Heard in the Supreme Court on 22 April 2015.

*Roy Cooper, Attorney General, by Hugh Harris, Assistant Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Jon H. Hunt, Assistant Appellate Defender, for defendant-appellant.*

BEASLEY, Justice.

This case asks this Court to consider whether unauthorized use of a motor vehicle is a lesser-included offense of possession of a stolen vehicle. We hold that unauthorized use of a motor vehicle is not a lesser-included offense of possession of a stolen vehicle because the former offense contains an essential element that is not an essential element of the latter offense. Accordingly, we affirm the decision of the Court of Appeals, though on different grounds. In so doing, we overrule *State v. Oliver* to the extent that it is inconsistent with this opinion.

On 1 December 2011, defendant moved into a halfway house in Charlotte, North Carolina, after serving five years and two months in federal prison for a firearms conviction. At the halfway house, defendant shared a room with William James Markham and two other individuals. The details of the events that transpired on 10 January 2012 are disputed.

According to defendant, on 10 January 2012, he told Markham about his plan to leave the halfway house without permission and "take [his] stuff home and get stuff situated at the house." In exchange for one and one-half grams of cocaine, Markham agreed to let defendant use his car, a Lexus ES that the halfway house permitted Markham to have to drive himself to work. When defendant was unable to obtain the cocaine, he gave Markham counterfeit crack cocaine. Markham accepted the counterfeit cocaine, removed his car keys from his shoe, and replaced the keys with the counterfeit substance. Markham then gave defendant the keys to his car. Defendant testified that the two men agreed that he would leave Markham's car in front of a nearby McDonald's restaurant the next day.

According to Markham, he never gave defendant permission to use his car. Markham testified that when he returned to the halfway house after work on 10 January 2012, Markham went to his room, where his roommates, including defendant, were present. Markham changed clothes and placed his car keys in his shoe. Markham then left the room to use the telephone and upon returning, found that his car keys were missing. Defendant was no longer in the room. Markham

reported his missing keys to staff members at the halfway house. A staff member testified that she witnessed defendant leaving the halfway house in a car, after which she completed escaped inmate paperwork and called the police. Later that evening, Markham's car was reported stolen to police.

Three days later, on 13 January 2012, defendant returned from Atlanta and parked the car near his home in Charlotte to unload his clothes. Officer Bryan Overman was driving in the neighborhood after responding to a call and observed a gold Lexus parked on the street. Officer Overman ran the license plate through a database that confirmed that the vehicle had been reported stolen. While Officer Overman and other officers canvassed the area, Officer William Dotson saw defendant and arrested him. Markham claimed that the vehicle was damaged and personal items were missing from the vehicle. Defendant testified that the car was returned in the condition in which he received it and that he had not taken any property from the car.

On 6 February 2012, a grand jury indicted defendant for possession of a stolen vehicle and larceny of a motor vehicle. Then on 2 April 2012, defendant was indicted for having attained habitual felon status. In three superseding indictments, one dated 2 April 2012 and two dated 20 May 2013,[1] the grand jury indicted defendant

---

[1] The typewritten portion of the superseding indictment charging defendant with possession of a stolen vehicle is dated 20 March 2013; however, the grand jury foreman signed and dated the indictment 20 May 2013.

for possession of a stolen vehicle, breaking and entering a motor vehicle, and larceny of a motor vehicle.[2]

Defendant pleaded not guilty and was tried before Judge Robert T. Sumner in Superior Court, Mecklenburg County, beginning on 28 August 2013. During the charge conference, defendant requested a jury instruction on the misdemeanor offense of unauthorized use of a motor vehicle as a lesser-included offense of possession of a stolen vehicle. The trial court denied the request.

On 30 August 2013, the jury found defendant guilty of possession of a stolen motor vehicle, but not guilty of breaking or entering a motor vehicle or larceny of a motor vehicle. Pursuant to a plea agreement, defendant pleaded guilty to having attained habitual felon status. The trial court sentenced defendant to an active term of 84 to 113 months of imprisonment, and defendant appealed from the judgment to the Court of Appeals making two arguments on appeal.

Defendant first argued that he received ineffective assistance of counsel because the questions defense counsel asked on direct examination required defendant to admit guilt to possession of a stolen vehicle, the only crime for which he was found guilty. *State v. Robinson*, ___ N.C. App. ___, ___, 763 S.E.2d 178, 180 (2014). The Court of Appeals disagreed, concluding that defendant's ineffective

---

[2] Two superseding indictments charge defendant with "breaking and entering" a motor vehicle in violation of N.C.G.S. § 14-56. We note that section 14-56 references "breaking *or* entering." *See* N.C.G.S. § 14-56 (2013) (emphasis added). The trial court instructed the jury using the statutory language.

assistance of counsel claim failed because his responses on direct examination only established that defendant kept the car longer than allegedly agreed; however, defendant never testified that he knew or had reason to know that the car was stolen, which is an essential element of possession of a stolen vehicle. *Id.* at ___, 763 S.E.2d at 180-81.

Second, defendant argued that the trial court erred in denying his request for a jury instruction on unauthorized use of a motor vehicle as a lesser-included offense of possession of a stolen vehicle. *Id.* at ___, 763 S.E.2d at 181. The Court of Appeals found no error on the grounds that it was bound by its decision in *State v. Oliver*, 217 N.C. App. 369, 718 S.E.2d 731 (2011), which held that unauthorized use of a motor vehicle is not a lesser-included offense of possession of a stolen vehicle. *Id.* at ___, 763 S.E.2d at 181-82. The Court of Appeals noted that in *Oliver* the court relied on this Court's decision in *State v. Nickerson*, 365 N.C. 279, 715 S.E.2d 845 (2011). *Id.* at ___, 763 S.E.2d at 182. But the court explained that "in *Nickerson*, 'the principal question [wa]s whether the crime of unauthorized use of a motor vehicle is a lesser[-]included offense of *possession of stolen goods*.' " *Id.* at ___, 763 S.E.2d at 181 (brackets in original) (quoting *Nickerson*, 365 N.C. at 281, 715 S.E.2d at 846 (emphasis added)). The Court of Appeals concluded that "[t]hus, in *Oliver*, this Court mistakenly relied on *Nickerson* for a proposition not addressed, nor a holding reached, in that case." *Id.* at ___, 763 S.E.2d at 181 (italics added). The Court of Appeals further stated:

> However, we hope that by noting the clear discrepancy between *Oliver* and *Nickerson*, the Supreme Court may take this opportunity to clarify our case law and provide guidance on the issue of whether unauthorized use of a motor vehicle is in fact a lesser-included offense of possession of a stolen motor vehicle.

*Id*. at ___, 763 S.E.2d at 182 (citation omitted).

On 18 December 2014, this Court allowed defendant's petition for discretionary review on the issue of whether unauthorized use of a motor vehicle is a lesser-included offense of possession of a stolen vehicle.

Defendant maintains that *Oliver* was wrongly decided because that decision incorrectly interpreted *Nickerson*. The State contends that in *Oliver* the court properly applied the rule as stated in *Nickerson* when it concluded that unauthorized use of a motor vehicle is not a lesser-included offense of possession of a stolen vehicle. The rule in *Nickerson* establishes that an offense is not the lesser-included offense of another if the lesser-included offense contains an essential element not present in the greater offense. We conclude that the *Oliver* court misapprehended this Court's decision in *Nickerson*.

In *Oliver* the defendant argued that the trial court should have instructed the jury on unauthorized use of a motor vehicle as a lesser-included offense of possession of a stolen vehicle. 217 N.C. App. at 372, 718 S.E.2d at 733-34. The court in *Oliver* reasoned that

> [d]uring the pendency of defendant's appeal, our Supreme Court addressed this very issue of whether unauthorized

use of a motor vehicle is a lesser included offense of possession of a stolen vehicle. *See State v. Nickerson,* 365 N.C. 279, 715 S.E.2d 845 (2011). Due to our Supreme Court's recent decision, we see no need to further discuss this issue. *Id.* Consequently, the trial court did not err in not instructing the jury on the crime of unauthorized use of a stolen vehicle as it is not a lesser included offense of possession of a stolen vehicle.

*Id*. at 372-73, 718 S.E.2d at 734. But contrary to the court's assessment in *Oliver*, *Nickerson* addressed whether unauthorized use of a motor vehicle is a lesser-included offense of possession of stolen goods. *Nickerson*, 365 N.C. at 282-83, 715 S.E.2d at 847 ("Because the offense of unauthorized use of a motor vehicle requires proof of at least one essential element not required to prove possession of stolen goods, unauthorized use of a motor vehicle cannot be a lesser included offense of possession of stolen goods under the definitional test in [*State v. Weaver*].") Possession of stolen goods is an offense distinct from possession of a stolen vehicle, and these offenses are codified in different chapters of the General Statutes. *See* N.C.G.S. §§ 14-71.1, 20-106 (2013). The court's reliance on *Nickerson* to support its holding in *Oliver* was erroneous. Consequently, to the extent that *Oliver* holds that the offense of unauthorized use of a motor vehicle is not a lesser-included offense of possession of a stolen vehicle for the reasons stated in *Nickerson*, *Oliver* is expressly overruled.

As to the issue before this Court, defendant contends that all the essential elements of unauthorized use of a motor vehicle are covered by the elements of

possession of a stolen vehicle, and as a result, unauthorized use of a motor vehicle is a lesser-included offense of possession of a stolen vehicle. We disagree.

This Court has adopted a definitional test for determining whether one offense is the lesser-included offense of another. In *State v. Weaver*, 306 N.C. 629, 295 S.E.2d 375 (1982), we stated:

> We do not agree with the proposition that the *facts* of a particular case should determine whether one crime is a lesser included offense of another. Rather, the *definitions* accorded the crimes determine whether one offense is a lesser included offense of another crime. In other words, all of the essential elements of the lesser crime must also be essential elements included in the greater crime. If the lesser crime has an essential element which is not completely covered by the greater crime, it is not a lesser included offense. The determination is made on a *definitional,* not a factual basis.

*Id*. at 635, 295 S.E.2d at 378-79 (internal citation omitted), *overruled in part on other grounds by State v. Collins*, 334 N.C. 54, 61, 431 S.E.2d 188, 193 (1993).

The statute proscribing "unauthorized use of a motor-propelled conveyance" states that "[a] person is guilty of an offense under this section if, without the express or implied consent of the owner or person in lawful possession, he takes or operates an aircraft, motorboat, motor vehicle, or other motor-propelled conveyance of another." N.C.G.S. § 14-72.2(a) (2013).

The statute proscribing unlawful possession of a stolen vehicle provides:

> Any person who, with intent to procure or pass title to a vehicle which he knows or has reason to believe has been stolen or unlawfully taken, receives or transfers

possession of the same from or to another, *or who has in his possession any vehicle which he knows or has reason to believe has been stolen or unlawfully taken,* and who is not an officer of the law engaged at the time in the performance of his duty as such officer shall be punished as a Class H felon.

*Id*. § 20-106 (emphasis added).

In applying the definitional test as prescribed in *Weaver*, this Court considers the elements of possession of a stolen vehicle and unauthorized use of a motor vehicle. The elements of possession of a stolen vehicle are: (1) possession; (2) of a vehicle; (3) while having knowledge or reason to believe that the vehicle has been stolen or unlawfully taken. *See id.*; *State v. Bailey*, 157 N.C. App. 80, 86, 577 S.E.2d 683, 688 (2003) (citation omitted). The elements of unauthorized use of a motor vehicle are: (1) taking or operating; (2) a motor-propelled conveyance; (3) "without the express or implied consent of the owner or person in lawful possession." N.C.G.S. § 14-72.2(a). It is clear that the crime of unauthorized use of a motor vehicle contains an essential element that is not an element of possession of a stolen vehicle, namely that the State must prove that the offender *took or operated* a motor-propelled conveyance. Possession of a stolen vehicle requires the State to prove that the offender *possessed* a vehicle. While "taking or operating" necessarily infers possession, it does not follow that possession encompasses "taking or operating." Therefore, unauthorized use of a motor vehicle contains an essential element—"taking or operating"—that is not included in possession of a stolen vehicle. Because we conclude that the lesser offense

contains at least one essential element that is not an essential element of the greater offense, we need not analyze the remaining elements. *Nickerson*, 365 N.C. at 282, 715 S.E.2d at 847 (citing *Weaver*, 306 N.C. at 635, 295 S.E.2d at 378).

We hold, therefore, that the offense of unauthorized use of a motor vehicle is not a lesser-included offense of possession of a stolen vehicle. As such, the trial court did not err in denying defendant's request to instruct the jury on unauthorized use of a motor vehicle. For the reasons stated, we affirm the opinion of the Court of Appeals as modified herein.

MODIFIED AND AFFIRMED.