HUNTER, JR., Robert N., Judge.
Phillip Gerald Kornegay ("Defendant") appeals from a judgment entered upon jury verdicts finding him guilty of conspiracy to traffic in opium or heroin by sale, trafficking in opium or heroin by transportation, and trafficking in opium or heroin by possession. We find no error.
I. Factual and Procedural History
On 4 November 2015, a confidential informant with the Johnston County Sheriff's Office ("JCSO") contacted Rebecca Lupton ("Lupton") and set up a meeting to buy $500 worth of Percocet. The confidential informant and Lupton agreed Lupton's supplier would also attend the meeting. Lupton described her supplier to the confidential informant as a man who would be driving a "little gold car." Lupton arranged for the transaction to occur in the parking lot of the restaurant where Lupton worked.
A JCSO detective observed the transaction. In addition, the informant wore a recording device which collected audio and video. Lupton went into her employer's parking lot and went to the man in the "little gold car," who Lupton later identified as Defendant. They had a brief discussion. Lupton then went to the informant's car and gave the informant 50 loose pills. In exchange, the informant gave Lupton $500 in cash. JCSO supplied the cash. Lupton then went back to Defendant's vehicle.
The confidential informant returned to the detective and provided him with her recording device and the pills she received from Lupton. A subsequent laboratory test confirmed the pills were Percocet, a Schedule II substance. Defendant was later indicted for five counts of trafficking in opium, one count of conspiracy to traffic in opium, and one count of sell, deliver, or possess with intent to manufacture a controlled substance within 1,000 feet of a school.
Beginning 26 October 2016, Defendant was tried by a jury in Johnston County Superior Court. Prior to trial, the State voluntarily dismissed one count of trafficking. After the State presented its evidence, it voluntarily dismissed the charge of one count of sell, deliver, or possess with intent to manufacture a controlled substance within 1,000 feet of a school. The trial court submitted the remaining charges to the jury.
After approximately one hour of deliberations, the jury sent the trial court a note asking questions about what happened in the event of a mistrial. The court called the jury back into the courtroom and told them he could not answer their questions. Since it was after 5:00 p.m. on Friday afternoon, he also informed the jury they could continue deliberations that day or return on Monday morning. Approximately 20 minutes later, the jury returned verdicts finding Defendant guilty of all charges. Prior to sentencing, Defendant gave oral notice of appeal. The trial court consolidated the offenses into one judgment and sentenced Defendant to an active term of 90 to 120 months' imprisonment. Defendant did not appeal after the trial court entered judgment.
On 10 August 2017, Defendant filed a petition for writ of certiorari with this Court requesting review of the merits of Defendant's appeal.
II. Standard of Review
Plain error requires a defendant to "demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice-that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal quotation marks and citations omitted).
Pursuant to N.C. Gen. Stat. § 15A-1235(c),
[i]f it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b). The judge may not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.
"[I]n deciding whether a [trial] court's instructions force a verdict or merely serve as a catalyst for further deliberations, an appellate court must consider the circumstances under which the instructions were made and the probable impact of the instructions on the jury." State v. Peek , 313 N.C. 266, 271, 328 S.E.2d 249, 253 (1985).
III. Analysis
As an initial matter, we address Defendant's notice of appeal. Defendant gave oral notice of appeal after the jury reached its verdicts, but prior to the entry of judgment. Since Defendant only indicated he wished to appeal before the trial court entered its judgment, he failed to properly enter notice of appeal. See State v. Robinson , 236 N.C. App. 446, 448, 763 S.E.2d 178, 179-80 (2014). Nonetheless, in our discretion we allow defendant's petition for writ of certiorari and review the merits of his appeal.[1] See N.C.R. App. P. 21.
Defendant's sole argument is the trial court committed plain error when instructing the jury during its deliberations. Specifically, Defendant contends the trial court's instructions were unduly coercive and did not comply with the requirements of N.C. Gen. Stat. § 15A-1235 (2015). We disagree.
Defendant concedes he failed to object to the trial court's jury charge at trial, and as a result, we review his statutory claim for plain error. State v. May , 368 N.C. 112, 119, 772 S.E.2d 458, 463 (2015) ("Because subsections 15A-1235(b) and (c) are permissive, we conclude that the appropriate standard of review of defendant's statutory claim is ... plain error review.").
In this case, the jury sent the trial court the following note after approximately an hour of deliberations: "Questions: What happens in a case of mistrial? Is this case retried? Is another jury picked?" The court returned the jury to the courtroom and provided the following instruction:
Ladies and gentlemen, in my discretion, those questions cannot be answered by me. I will, however-I do acknowledge it's 5:15 on a Friday. I tried to tell you earlier, and kept trying to tell you and really hoped to be able to tell you, that you would be through with your duties today. However, since-if you wish to, as a whole, talk and agree, I will allow you to come back on Monday at 10:00 or you can continue deliberating now. If you want to just talk among yourselves, and then, Mr. Foreperson, give me a decision, we can do that.
If you want to go back there and talk about it and then send a note back out, would that be better?
The foreperson responded, "Yeah, let's do that." Defendant contends the trial court's instructions were unduly coercive.
The circumstances surrounding the trial court's instructions were the jury sent its questions about the consequences of a mistrial to the trial court after 5:00 p.m. on a Friday afternoon, after only approximately one hour of deliberations. This Court reviews the trial court's subsequent instruction in this context. At no time did the jury state to the court it was at an impasse or otherwise unable to deliberate towards a unanimous verdict. Given the limited time the jury had spent deliberating, the trial court did not abuse its discretion by refusing to answer the jury's questions regarding a mistrial. Moreover, because of the time of day, it was necessary for the court to establish the logistics of deliberations going forward. The court offered the jury the choice of when to continue deliberations and sent the jury back to discuss that choice. The trial court did not make any statement which required the jury to immediately continue deliberations or reach a verdict. Considered in their entirety, the trial court's remarks to the jury were not coercive. Defendant received a fair trial, free from error.
NO ERROR.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.

The State did not oppose Defendant's petition.