BRYANT, Judge.
Where Kim Ragland ("defendant") substantially failed to comply with our Rules of Appellate Procedure, we dismiss the appeal.
On 30 November 2017, defendant was convicted by a jury of possession of fictitious tags, speeding, resisting a public officer, two counts of possession of stolen goods, possession of a stolen motor vehicle, felony fleeing to elude arrest, felony breaking or entering, and felony larceny after breaking or entering. Following the announcement of the verdicts by the jury, defendant informed the trial court he wished to appeal. Thereafter, the trial court arrested judgment on the charges of felony fleeing to elude arrest, resisting a public officer, speeding, and possession of fictitious plates. The remaining convictions were consolidated into three judgments, and the trial court sentenced defendant to three consecutive terms of 11 to 23 months of imprisonment.
The trial court appointed the Appellate Defender to assist defendant with his appeal. However, defendant requested that the Appellate Defender withdraw as counsel and indicated he wished to represent himself. Accordingly, the Appellate Defender sought to withdraw from representation. Defendant filed the record on appeal on 7 August 2018. It was docketed on 13 August 2018.
_________________________
On 27 November 2018, the State moved to dismiss defendant's appeal. After careful review, we dismiss defendant's appeal.
Compliance with the appellate rules is mandatory, and parties who fail to comply with the rules may forfeit their right to review on the merits. Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co. , 362 N.C. 191, 194, 657 S.E.2d 361, 362-63 (2008). "[E]ven pro se appellants must adhere strictly to the Rules of Appellate Procedure...." Strauss v. Hunt , 140 N.C. App. 345, 348-49, 536 S.E.2d 636, 639 (2000) (citation omitted)
In Dogwood , our Supreme Court identified three types of rule violations: "(1) waiver occurring at trial; (2) defects in appellate jurisdiction; and (3) violation of nonjurisdictional requirements." Dogwood , 362 N.C. at 194, 657 S.E.2d at 363. Noncompliance with nonjurisdictional requirements of the rules does not warrant sanctions unless it rises to the level of a "gross violation." Id . at 199, 657 S.E.2d at 366. Defects in appellate jurisdiction, however, require dismissal of an appeal. Id. at 197, 657 S.E.2d at 365.
Defendant's appeal to this Court is non-compliant with multiple provisions of the North Carolina Rules of Appellate Procedure, and his appeal involves both nonjurisdictional defects and defects in appellate jurisdiction. We need not, however, determine whether defendant's nonjurisdictional defects are gross violations, because the defects in appellate jurisdiction mandate dismissal of his appeal.
First, defendant failed to give proper notice of appeal. Rule 4 provides that a defendant's notice of appeal in criminal cases may be taken by "(1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order[.]" N.C.R. App. P. 4(a) (2019). Failure to comply with Rule 4 deprives this Court of jurisdiction to hear the appeal. State v. McCoy , 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005). Here, defendant gave oral notice of appeal in open court after the jury returned its verdict but prior to the entry of judgment by the trial court. Thus, because defendant did not give notice of his appeal following entry of the judgments, his right to appeal has been lost based on his failure to comply with Rule 4(a). See State v. Robinson , 236 N.C. App. 446, 448, 763 S.E.2d 178, 179 (2014) (right of appeal lost where defendant "gave notice of appeal in open court following the jury's verdict, but failed to give notice of appeal following entry of the trial court's final judgment"), aff'd as modified , 368 N.C. 402, 777 S.E.2d 755 (2015).
Second, defendant's appeal is also subject to dismissal because he did not include any charging instruments in the record. "[I]t is defendant's burden to produce a record establishing the jurisdiction of the court from which appeal is taken, and his failure to do so subjects t[he] appeal to dismissal." State v. Phillips , 149 N.C. App. 310, 313-14, 560 S.E.2d 852, 855 (2002). "When the record is silent and the appellate court is unable to determine whether the court below had jurisdiction, the appeal should be dismissed." State v. Felmet , 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981) (citation omitted).
Third, defendant failed to include copies of any of the judgments from which he appeals. As a result of defendant's failure to include these necessary documents, we are unable to review his appeal. See State v. Harvell , 45 N.C. App. 243, 246, 262 S.E.2d 850, 852 ("A judgment is a necessary part of the record. When a necessary part of the record has been omitted, the appeal will be dismissed." (citation omitted)) (1980); see also N.C.R. App. P. 9(a)(3)(g) (2019) (requiring an appellant in a criminal action to include in the record on appeal copies of the judgments from which appeal is taken).
There are numerous additional violations of the Appellate Rules. However, because of the multiple jurisdictional defects in defendant's appeal, we lack jurisdiction over his appeal and need not address the other defects. Accordingly, defendant's appeal is dismissed.
APPEAL DISMISSED.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concurs.